# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REZA PAYDAR; LIGHTSTYLE AUTOMATED SYSTEMS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JAGUAR LAND ROVER NORTH AMERICA, LLC, <br><br> Defendant. | Case No. 19-cv-0058-BAS-WVG <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> **[ECF No. 17]** |

In 2016, Plaintiffs purchased a new Range Rover from Defendant. Plaintiffs allege that soon after the purchase, the vehicle began exhibiting serious mechanical issues that Defendant was unable to resolve. After requesting revocation of the sale, which Defendant refused, Plaintiffs filed claims for breach of warranty under the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301–2312, and California's Song-Beverly Consumer Warranty Act ("Song-Beverly"), Cal. Civ. Code §§ 1790–1795.

Defendant moves for summary judgment on Plaintiffs' claims under Song-Beverly. (ECF No. 17.) Defendant argues that Plaintiffs cannot bring claims under the Act because the Range Rover is not a "new motor vehicle" as defined by Song-Beverly. In Plaintiff Reza Paydar's case, Defendant argues that the Range Rover is indisputably not covered by

- 1 -

Song-Beverly because Mr. Paydar used the vehicle for primarily business purposes. As for Plaintiff Lightstyle Automated Systems, Inc. ("Lightstyle"), Defendant argues that the Range Rover is not covered by Song-Beverly because Lightstyle currently owns more than five vehicles registered in California. Accordingly, the Court considers whether there is an issue of material fact as to: (1) Mr. Paydar's use of the Range Rover, and (2) the number of vehicles registered in Lightstyle's name during the relevant time period.

The Court finds the motion suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's motion for partial summary judgment.

## BACKGROUND

Plaintiff Reza Paydar is the sole owner and president of Plaintiff Lightstyle, a business that designs and distributes lighting for residential and commercial properties. (Joint Statement of Undisputed Facts ("JSUF") 2:20–23, ECF No. 21.)

On October 1, 2016, Plaintiffs purchased a new 2016 Land Rover Range Rover from Land Rover San Diego for $128,003.40. (*Id.* 2:24–3:7.) The sales contract for the vehicle lists Lightstyle as the buyer and Mr. Paydar as the co-buyer. (*Id.* 2:24–27.) Mr. Paydar filled out a purchase form when he bought the Range Rover, and he left unchecked a box that signals whether the vehicle is being purchased for business use. (*Id.* 12:15–22.)

The Range Rover is registered to Mr. Paydar and Lightstyle, at Lightstyle's business address. (*Id.* 5:5–10.) Mr. Paydar has two other vehicles registered in his name with the California Department of Motor Vehicles ("DMV"), (*id.* 7:13–16, 9:15–19), and Lightstyle has nine other vehicles registered in its name with the California DMV, (*id.* 6:27–7:1). The Range Rover and the nine other vehicles registered to Lightstyle are all listed on Lightstyle's 2016 Federal Tax Return's Depreciation Schedule.[1] (*Id.* 9:23–25.)

---

[1] 26 U.S.C. § 167 allows taxpayers to deduct depreciation. Depreciation is "an annual income tax deduction that allows [an individual or business] to recover the cost" of "the wear and tear, deterioration,

Mr. Paydar testified the Range Rover is his primary day-to-day vehicle. (JSUF 6:2–5.) He testified that he drives the Range Rover to work meetings, to visit his parents, to attend weddings, and to go to the movies. (*Id.* 6:6–8, 13:7–10.) Mr. Paydar also testified that Lightstyle employees occasionally drive the Range Rover to and from the repair shop or to get gas. (*Id.* 6:15–18.)

After purchasing the Range Rover, Mr. Paydar brought the vehicle to the dealership for repair on at least nine occasions. (*Id.* 12:9–12.) Eventually, on November 26, 2018, Plaintiffs commenced this action in San Diego County Superior Court. (Compl., ECF No. 1-1.) Plaintiffs each bring two claims under the Song-Beverly Act and two claims under the Magnuson-Moss Warranty Act. (*Id.* ¶¶ 20–50.) All causes of action arise out of Plaintiffs' purchase of the allegedly defective Range Rover. (*Id.*)

Defendant removed the action to this Court based on federal question jurisdiction under 28 U.S.C. § 1367, diversity jurisdiction under 28 U.S.C. § 1332, and supplemental jurisdiction under 28 U.S.C. § 1367. (Notice of Removal ¶¶ 7–28, ECF No. 1.) Defendant now moves for summary judgment on Plaintiffs' claims under Song-Beverly. (Def.'s Mot. for Summ. J., ECF No. 17-1.)

## LEGAL STANDARD

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). Summary judgment is appropriate where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Id.*; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine

---

or obsolescence" of property used for "business or income-producing activity." IRS Publ'n 946, How to Depreciate Property (Mar. 6, 2019).

if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Id.* at 322–23. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

If the moving party meets this initial burden, the nonmoving party cannot defeat summary judgment merely by demonstrating "that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995) ("The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient.") (citing *Anderson*, 477 U.S. at 252)). Rather, the nonmoving party must "go beyond the pleadings and by 'the depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting former Fed. R. Civ. P. 56(e)).

When making this determination, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *See Matsushita*, 475 U.S. at 587. "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he [or she] is ruling on a motion for summary judgment." *Anderson*, 477 U.S. at 255.

# ANALYSIS

## I. Song-Beverly Consumer Warranty Act

California's Song-Beverly Consumer Warranty Act was enacted in 1970. 1970 Cal. Stat. 2478. Its purpose is to protect California consumers by regulating the warranties provided by sellers and broadening buyers' "remedies to include costs, attorney's fees, and civil penalties." *Krieger v. Nick Alexander Imps., Inc.*, 234 Cal. App 3d. 205, 213 (1991). As originally written, Song-Beverly defined a "buyer" protected by the Act as an *individual*, and the Act only covered purchases of goods for "personal, family, or household purposes." 1970 Cal. Stat. 2478; *see also Park City Servs., Inc. v. Ford Motor Co.*, 144 Cal. App. 4th 295, 302 (2006). In 1982, the California Legislature amended Song-Beverly to explicitly cover the purchase of new, personal-use vehicles by individuals. 1982 Cal. Stat. 1720; *see also Park City Servs., Inc.*, 144 Cal. App. 4th at 304.

In a series of amendments between 1992 and 2000, the California Legislature expanded Song-Beverly's application to motor vehicles. *See Park City Servs., Inc.*, 144 Cal. App. 4th at 304–05. The expansion was codified in its own section called the Tanner Consumer Protection Act ("Tanner Act"). *Id.*; Cal. Civ. Code § 1793.22. The Tanner Act extended Song-Beverly's protection to some vehicles purchased and used for business purposes. *See Park City Servs., Inc.*, 144 Cal. App. 4th at 307. However, the Tanner Act expansion was not intended to provide protection to purchases made by large businesses that already have sufficient market strength. *Id.*

The revised Song-Beverly Act, which now includes the Tanner Act, applies to a "new motor vehicle." Cal. Civ. Code § 1793.22(e)(2). This term is defined to include two distinct categories of vehicles. *See id.* First, a new motor vehicle is one that is "bought or used primarily for personal, family, or household purposes." *Id.* Second, a new motor vehicle is also one "with a gross vehicle weight under 10,000 pounds that is bought or used primarily for business purposes by a person, including a partnership, limited liability company, corporation, association, or any other legal entity, to which not more than five motor vehicles are registered in this state." *Id.*

Although the Tanner Act changes the definition of a "new motor vehicle," the expansion leaves untouched Song-Beverly's original definition of a buyer as an individual in California Civil Code section 1791(b). This creates some statutory ambiguity, since the Tanner Act expressly covers certain vehicles purchased by legal entities. *See id.* § 1793.22(e)(2). Courts have addressed this ambiguity by reasoning that the first category of new motor vehicle under the Tanner Act—which does not contain a separate definition for a buyer—necessarily incorporates the limited "individual only" definition of a buyer found in section 1791(b). In contrast, the second category of new motor vehicle found in the Tanner Act—which contains its own description of a buyer—is not limited by section 1791(b). *See Park City Servs.*, 144 Cal. App. 4th at 306; *Aquair Ventures, LLC v. Gulf Stream Coach, Inc.*, No. C-08-2903 SC, 2009 WL 150963, at *4–5 (N.D. Cal. Jan. 21, 2009).

Based on this interpretation, two buyer/vehicle categories are now protected under Song-Beverly in section 1793.22(e)(2): (1) new, primarily personal-use vehicles purchased and owned by individuals, and (2) new vehicles purchased and owned by individuals or legal entities, where the vehicle is used for primarily business use, the owner has fewer than five vehicles registered in California, and the vehicle in question weighs less than 10,000 pounds. *See* Cal. Civ. Code § 1793.22(e)(2); *Aquair Ventures*, *LLC*, 2009 WL 150963, at *4–5. Accordingly, individuals may bring claims under either category defined by the Act, but non-individual purchasers (i.e. legal entities such as corporations) may only bring claims under Song-Beverly if their vehicle fits into the second category described in section 1793.22(e)(2). *Id.*

## II. Plaintiff Reza Paydar

Defendant contends that it has presented enough evidence to negate one essential element of Mr. Paydar's claim; namely, that Mr. Paydar's Range Rover is covered under the first category of motor vehicle found in the Tanner Act because it is a personal use vehicle. (Def.'s Mot. Partial Summ. J. 15:5–16:10.) Defendant claims that even if the

evidence is viewed in the light most favorable to Mr. Paydar, no reasonable jury could find Mr. Paydar drove the Range Rover primarily for personal use. (*Id.*) Therefore, Defendant argues that it is entitled to judgment as a matter of law. (*Id.* 15:1–11.)

Mr. Paydar has the burden of proving that he can bring a claim under Song-Beverly. *See Dagher v. Ford Motor Co.*, 238 Cal. App. 4th 905, 917 (2015). One element that Mr. Paydar must establish is that the Range Rover he purchased fits into one of the two categories of new motor vehicles laid out in section 1793.22(e)(2). *Id.* Mr. Paydar argues that the Range Rover falls into the first category of vehicles described in the section because he is an individual buyer using his vehicle for personal use. (Pl.'s Opp'n 7:9–10, 21–23, ECF No. 18-1.) Mr. Paydar testified that the Range Rover is his day-to-day vehicle; he drives it to attend events, visit family, and run errands. (JSUF 13:7–10.) He further stated that he occasionally drives the Range Rover for business purposes when he attends work meetings, approximately once every two weeks. (*Id.* 6:6–8.) Finally, Mr. Paydar points out that when he purchased the vehicle, he did not indicate that it would be used for business purposes. (*Id.* 12:15–22.)

In order to negate Mr. Paydar's contention that the Range Rover is primarily a personal use vehicle, Defendant points out that the vehicle was purchased and is registered under both Mr. Paydar's and Lightstyle's names, (JSUF 2:24–27, 5:5–7), at Lightstyle's business address, (*id.* 5:7–10), and that Lightstyle employees occasionally drive the vehicle, (*id.* 6:15–18). Most importantly, however, Defendant notes that the Range Rover is listed as a business asset on Lightstyle's 2016 Federal Tax Return's Depreciation Schedule. (*Id.* 9:23–26.) To qualify for one type of depreciation claimed by Lightstyle, the Range Rover must be "acquired by purchase for use in the active conduct of a trade or business." *See* 26 U.S.C. § 179(a) & (d)(1)(C). Defendant thus argues that listing the Range Rover on Lightstyle's Depreciation Schedule is an explicit admission by Plaintiffs that the Range Rover is primarily a business-use vehicle. (Def.'s Mot. Partial Summ. J. 17:20–23.)

Although the evidence that Defendant submits casts doubt on Mr. Paydar's testimony, it does not rise to the level of negating all issues of material fact. Defendant

asks the Court to discount Mr. Paydar's testimony entirely based on the contradictions between Mr. Paydar's testimony and his business's tax forms. However, discounting a plaintiff's testimony is a credibility finding properly left for a jury. *See Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017). It would certainly be possible for a reasonable jury to believe Mr. Paydar's testimony and find that he used the Range Rover primarily for personal use despite what was stated on his business's tax forms. Alternatively, a reasonable jury could find Mr. Paydar's testimony not credible in light of Defendant's evidence, and find that because Mr. Paydar had listed the Range Rover as a business asset, it was used primarily for business purposes.

Defendant implies that Mr. Paydar's testimony is self-serving and should therefore be ignored. (Def.'s Mot. Partial Summ. J. 17:22–23.) But a party's testimony is self-serving by its very nature, and a court cannot disregard it for that reason alone. *See Manley*, 847 F.3d at 711. The Ninth Circuit has instructed that at summary judgment, courts should only discount testimony when the testimony is made up of conclusions rather than facts that would be admissible evidence. *See id.*; *see also Rodriguez v. Airborne Express*, 265 F.3d 890, 902 (9th Cir. 2001). Mr. Paydar's testimony easily clears the Ninth Circuit's bar: he described his personal use of the Range Rover both generally and anecdotally at multiple points in his deposition. (*See, e.g.*, Paydar Dep. 28:1–3, 61:17–62:12, 69:24–70:2, 108:4–23, 136:23–137:3, ECF No. 17-3.)

Both Mr. Paydar and Defendant have introduced specific facts regarding the use of the Range Rover. The parties' competing evidence raises factual disputes, including issues of credibility, that are best resolved by a jury. *See Anderson*, 477 U.S. at 255; *Manley*, 847 F.3d at 711. Because there is a genuine issue of material fact as to the primary use of the Range Rover, the Court denies Defendant's request for summary judgment on Mr. Paydar's claims under Song-Beverly.[2]

---

[2] In Plaintiffs' opposition, Mr. Paydar argues that even if the Range Rover was used primarily for business purposes, he still may pursue claims under Song-Beverly because the Range Rover is a "new motor vehicle" under part two of section 1793.22(e)(2). (Pl.'s Opp'n. 15:1–2.) Because the Court has

- 8 -

### III. Plaintiff Lightstyle

Defendant also argues that Lightstyle cannot bring a claim under Song-Beverly because Lightstyle is a corporation that owned more than five vehicles registered in California during the relevant time period. (Def.'s Mot. Partial Summ. J. 17:24–18:4.) The Court agrees. Because Lightstyle is not an individual, (JSUF 2:8–10), and therefore not a buyer under California Civil Code section 1794(b), Lightstyle must necessarily demonstrate that the Range Rover is a "new motor vehicle" as described in part two of section 1793.22(e)(2). *See Aquair Ventures, LLC*, 2009 WL 150963, at *5 ("Because Aquair is not an individual . . . [it] may only maintain this action if it has fewer than five vehicles registered in California and if the vehicle that is the subject of the suit weighs less than 10,000 pounds."). Lightstyle has already admitted that during the relevant time period it had more than five vehicles registered in California. (JSUF 6:21–23.) Lightstyle has not raised a genuine issue of material fact regarding this essential element of its claim.

The contested evidence regarding the use of the vehicle discussed above has no bearing on Lightstyle's claim. As a legal entity, Lightstyle may not bring a claim under the first category listed in section 1793.22(e)(2), regardless of whether the Range Rover was used for personal use. *See Aquair Ventures, LLC*, 2009 WL 150963, at *5 n.3 ("Because Aquair is not an individual, its assertion that it purchased the vehicle for personal, family, or household purposes is immaterial, and the Court need not resolve the parties' dispute over this issue to rule on the Motion.").

In sum, because Lightstyle cannot bring a claim under the Song-Beverly Act, the Court grants Defendant's motion for summary judgment on Lightstyle's Song-Beverly claims.

---

already identified a genuine issue of material fact regarding the use of the vehicle, it is not necessary for the Court to consider the merits of this alternative theory. However, the Court notes that Mr. Paydar has consistently and unequivocally testified that the Land Rover was used primarily for personal use. *See Lau v. Mercedes-Benz USA LLC*, No. C 11-01940 MEJ, 2013 WL 1284318, at *3 (N.D. Cal. Mar. 28, 2013).

## CONCLUSION

In light of the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's motion (ECF No. 17). In particular, the Court grants summary judgment in favor of Defendant on both of Plaintiff Lightstyle's claims under the Song-Beverly Act. The Court denies summary judgment on Plaintiff Reza Paydar's claims under the Song-Beverly Act.

**IT IS SO ORDERED.**

DATED: July 19, 2019

Hon. Cynthia Bashant
United States District Judge